## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DANIEL GUZMAN and CHAVALIER ENGRAM, Individually and on behalf of all others similarly situated,** | § § § § | Civil Action No. 5:19-cv-162-FB-HJB |
| *Plaintiffs,* | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| **CASCADE PROCESS CONTROLS, INC., DOUG CORCORAN, PAT BRACK, AND KELLY MAXWELL,** | § § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| *Defendants.* | § § § | |

## THIRD AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiffs Daniel Guzman and Chavalier Engram bring this action individually and on behalf of all others similarly situated (hereinafter "Plaintiffs and the Putative Class Members" or "Plaintiffs and the FLSA Collective Members) who worked for Cascade Process Controls, Inc. ("Cascade"), Doug Corcoran, ("Corcoran"), Pat Brack ("Brack"), and/or Kelly Maxwell ("Maxwell") (collectively hereinafter "Defendants") at any time from February 20, 2016 through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act ("FLSA").

### I.
### OVERVIEW

1. This lawsuit is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, 29 U.S.C. §§ 201–19.

2. Plaintiffs and the Putative Class Members are those similarly situated persons who worked for Defendants at any time from February 20, 2016 through the final disposition of this matter,

and were not paid overtime wages at one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a work week.

3. Although Plaintiffs and the Putative Class Members routinely worked (and work) in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Defendants not to pay overtime compensation to Plaintiffs and the Putative Class Members for all hours worked was neither reasonable nor in good faith.

5. Defendants knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiffs and the Putative Class Members therefore seek to recover all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

8. Plaintiff Daniel Guzman ("Guzman") worked for Cascade during the relevant time-period. Plaintiff Guzman did not receive overtime for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Daniel Guzman is on file with this Court. *See* ECF No. 16.

9. Plaintiff Chavalier Engram ("Engram") worked for Cascade during the relevant time-period. Plaintiff Engram did not receive overtime for all hours worked in excess of forty (40) hours per workweek.[2]

10. The FLSA Collective Members are those similarly situated employees who worked for Cascade at any time from February 20, 2016 through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

11. Defendant Cascade Process Controls, Inc. ("Cascade") is a Texas for-profit company and has been served and appeared herein.

12. Defendant Doug Corcoran ("Corcoran") is a Director of Cascade and an employer as defined by 29 U.S.C. § 203(d). Defendant Corcoran may be served through his attorney: **Blaze Taylor, The Moster Law Firm, P.C., 4920 South Loop 289, Suite 101, Lubbock, Texas 79414.**

13. Defendant Pat Brack ("Brack") is a Director of Cascade and an employer as defined by 29 U.S.C. § 203(d). Defendant Corcoran may be served through his attorney: **Blaze Taylor, The Moster Law Firm, P.C., 4920 South Loop 289, Suite 101, Lubbock, Texas 79414.**

14. Defendant Kelly Maxwell ("Maxwell") is a Director of Cascade and an employer as defined by 29 U.S.C. § 203(d). Defendant Corcoran may be served through his attorney: **Blaze Taylor, The Moster Law Firm, P.C., 4920 South Loop 289, Suite 101, Lubbock, Texas 79414.**

15. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiffs and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

---

[2] The written consent of Chavalier Engram is on file with this Court. *See* ECF No. 13.

## III.
## JURISDICTION & VENUE

16. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

17. This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a result of Defendants' conduct within this District.

18. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Defendants have maintained a working presence throughout the State of Texas and Plaintiffs and the Putative Class Members worked in South and West Texas throughout their employment with Defendants.

20. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

21. Cascade Process Controls, Inc. ("Cascade") provides turn-key construction and electrical and instrumentation services to the oil and gas industry throughout the State of Texas and Canada.[3]

22. Defendants Corcoran, Brack, and Kelly are Directors of Defendant Cascade and are employers as defined by 29 U.S.C. § 203(d).

23. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

---

[3] https://www.cascadeprocon.com/.

24. Defendants directly or indirectly hired Plaintiffs and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

25. Specifically, Defendants Corcoran, Brack, and Kelly created the facially illegal pay policies at issue in this case.

26. Defendant Corcoran wrote and signed off on offers of employment to Cascade employees.

27. Defendants maintained control, oversight, and direction over Plaintiffs and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

28. Specifically, Defendants Corcoran, Brack, and Kelly created and personally signed off on the safety policies and procedures that were mandatory for employees of Cascade to follow.

29. Defendants mutually benefitted from the work performed by Plaintiffs and the Putative Class Members.

30. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiffs and the Putative Class Members.

31. Defendants shared the services of Plaintiffs and the Putative Class Members. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs and the Putative Class Members.

32. Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

33. Each Defendant could, and did, direct Plaintiffs and the Putative Class Members day-to-day job duties.

34. Moreover, all Defendants have the power to hire and fire Plaintiffs and the Putative Class Members; supervise and control Plaintiffs and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

35. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

36. To provide their services, Defendants employed (and continues to employ) numerous oilfield workers who were paid a day rate only and no overtime—including Plaintiffs and the individuals that make up the putative class.

37. While exact job titles may differ, these oilfield workers were subjected to the same or similar illegal pay practices for similar work in the oilfield.

38. Plaintiffs and the Putative Class Members were (and are) non-exempt employees paid either (a) by the hour or (b) a day rate only.

39. Plaintiff Guzman was employed by Defendants from approximately October 31, 2016 until February 1, 2019 as an "oilfield electrician."

40. Plaintiff Guzman was paid by the hour and did not receive overtime until he worked more than fifty (50) hours each week.

41. Plaintiff Engram was employed by Defendants from approximately August 2018 until March 13, 2018 as an "operator."

42. Plaintiff Engram was paid a day rate and did not receive overtime until he worked more than twelve (12) hours each day regardless of the total number of hours he worked each week.

43. Plaintiffs did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each week.

44. Moreover, and regardless of whether they were paid a day rate or on an hourly basis, Plaintiffs and the Putative Class Members were not compensated for all hours worked.

45. Specifically, Plaintiffs and the Putative Class Members routinely traveled to and from Defendants' locations as well as to other job sites on a daily basis but were not compensated for these drive-time hours.

46. The FLSA requires that time spent by an employee in travel as part of his principal activity must be counted as hours worked. *See* CFR § 785.38 *et seq.*

47. Further, and regardless of whether they were paid on a day rate or hourly basis, Plaintiffs and the Putative Class Members were required to attend monthly safety training meetings during normal work hours for purposes directly related to their job, but Plaintiffs and the Putative Class Members were not compensated for this time.

48. The FLSA requires that time spent in meetings where attendance is mandatory, where the meeting occurs during normal working hours, or where the meeting is directly related to the employee's job must be counted as hours worked. *See* CFR § 785.27 *et seq.*

49. Regardless of whether they were paid on a day rate or hourly basis, Plaintiffs and the Putative Class Members were also not compensated for work performed prior to their shift start time, for work performed after their shift end time, and for time spent loading or unloading trucks.

50. Although it is well-known that blue-collar oilfield workers like Plaintiffs and the Putative Class Members are ***not exempt*** from overtime, Defendants did not pay Plaintiffs and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

51. Plaintiffs and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Defendants and/or thier clients.

52. Plaintiffs and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans and procedures set by Defendants.

53. Virtually every job function was pre-determined by Defendants, including how to perform the tasks set by Defendants, the schedule of work, and related work duties.

54. In fact, Plaintiffs and the Putative Class Members were prohibited from varying their job duties outside of these predetermined parameters.

55. Indeed, Plaintiffs and the Putative Class Members rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

56. Plaintiffs and the Putative Class Members' duties did not (and currently do not) include the exercise of independent discretion or judgment.

57. Defendants determined the hours Plaintiff and the Putative Class Members worked.

58. Defendants set Plaintiffs and the Putative Class Members' pay and controlled the number of hours they worked.

59. Defendants set all employment-related policies applicable to Plaintiffs and the Putative Class Members.

60. Plaintiffs and the Putative Class Members worked long hours. Specifically, Defendants regularly scheduled Plaintiffs and the Putative Class Members for a minimum of twelve (12) hours per day and they regularly worked a minimum of 84 hours per week.

61. The FLSA requires that overtime be paid at one and one-half times an employee's regular rate of pay.

62. Defendants denied Plaintiffs and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

63. Plaintiffs and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

64. Accordingly, Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

**A.   FLSA COVERAGE**

65. All previous paragraphs are incorporated as though fully set forth herein.

66. The FLSA Collective is defined as:

**ALL OILFIELD WORKERS WHO WERE EMPLOYED BY CASCADE PROCESS CONTROLS, INC., AT ANY TIME FROM FEBRUARY 20, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

67. At all material times, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

68. At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

69. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Defendants have had and continue to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

70. Specifically, Defendants purchased materials through commerce, including uniforms for Plaintiffs and the Putative Class Members, and conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, United States mail, and electronic mail.

71. At all material times, Plaintiffs and the FLSA Collective Members are (or were) employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

72. At all material times, Defendants have had (and continues to have) an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

**B.      FAILURE TO PAY WAGES AND OVERTIME PURSUANT TO THE FLSA**

73. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(2)(a), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment for all hours in excess of forty (40) per week at rates at least one and one-half times the regular rates for which they were employed.

74. Defendants are s sophisticated party and employer, and therefore knew (or should have known) their policies were in violation of the FLSA.

75. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay according to the law.

76. The decision and practice by Defendants to not pay any overtime was neither reasonable nor in good faith.

77. Plaintiffs and the FLSA Collective Members are entitled to overtime wages for all hours worked over forty each week pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages in an amount equal to their overtime wages, in addition to attorneys' fees and costs.

**C.      COLLECTIVE ACTION ALLEGATIONS**

78. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiffs.

79. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

80. The FLSA Collective Members are defined in Paragraph 66.

81. Defendants' systematic failure to timely pay overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of Plaintiffs.

82. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

83. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

84. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be timely and properly compensated for all hours worked in excess of forty (40) hours per workweek.

85. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are non-exempt workers entitled to be paid the proper amount of overtime compensation for all hours worked over forty (40) each week.

86. Defendants have employed (and continue to employ) numerous oilfield workers during the past three years.

87. Absent a collective action, many members of the proposed FLSA class will not likely obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

88. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

89. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined in Paragraph 66 and notice should be promptly sent.

# VI.
# RELIEF SOUGHT

90. Plaintiffs respectfully pray for judgment against Defendants as follows:

  a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 66 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

  b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

  c. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

  d. For an Order awarding the costs and expenses of this action;

  e. For an Order awarding attorneys' fees;

  f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  g. For an Order awarding Plaintiffs Guzman and Engram service awards as permitted by law;

  h. For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense; and

  i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 23, 2020 Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**LEICHTER LAW FIRM, PC**

By: /s/ *David G. Langenfeld*
**David G. Langenfeld**
Texas Bar No. 11911325
david@leichterlaw.com
1602 East 7th Street
Austin, Texas 78702
Telephone: (512) 495-9995
Facsimile: (512) 482-0164

***Attorneys for Plaintiffs and the Putative Class Members***

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiffs' counsel contacted counsel for Defendant regarding whether or not Defendant was opposed to the filing of this Third Amended Collective Action Complaint and counsel for Defendant responded that Defendant was not opposed to Plaintiffs' filing of this Third Amended Collective Action Complaint.

                                                   */s/ Clif Alexander*
                                                   Clif Alexander

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                   */s/ Clif Alexander*
                                                   Clif Alexander