UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANIEL GUZMAN and CHAVALIER ENGRAM, Individually and on behalf of all others similarly situated, | § § § § | Civil Action No. 5:19-cv-162-FB-HJB |
| *Plaintiffs*, | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| CASCADE PROCESS CONTROLS, INC., DOUG CORCORAN, PAT BRACK, AND KELLY MAXWELL, | § § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| *Defendants.* | § | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
ON DEFENDANT CASCADE'S LIABILITY UNDER THE FLSA**

**TO THE HONORABLE UNITED STATES JUDGE:**

Plaintiffs—Daniel Guzman and Chavalier Engram, individually and on behalf of all Opt-in Plaintiffs (hereinafter "Plaintiffs")—move for an order granting partial summary judgment against Defendant Cascade Process Controls, Inc. ("Cascade") pursuant to Federal Rule of Civil Procedure 56. Plaintiffs seek summary judgment that Cascade violated the Fair Labor Standards Act (29 U.S.C. §§ 201-19 ("FLSA")), and did so willfully, and is liable to Plaintiffs for unpaid overtime at one-and-a-half times Plaintiffs' regular rates of pay and for liquidated damages.

**I.
INTRODUCTION**

This is a collective action concerning Cascade's failure to pay the correct amount of overtime compensation, and in some cases no overtime at all, to its non-exempt blue-collar oilfield workers— Plaintiffs—in violation of the FLSA. Plaintiffs were paid by the hour ("Hourly Plaintiffs"), a day rate ("Day Rate Plaintiffs"), or a combination of both. Day Rate Plaintiffs were paid one hour of overtime

if they worked over twelve (12) hours in a day regardless of the actual number of hours worked that day or that week. Hourly Plaintiffs were paid overtime only for hours worked in excess of ***fifty (50) hours*** in a workweek. Both policies violate the FLSA and Cascade's admissions and failure to raise any affirmative defenses establish as a matter of law that Cascade violated the Fair Labor Standards Act (29 U.S.C. §§ 201-19 ("FLSA")), and did so willfully, and is liable to Plaintiffs for unpaid overtime at one-and-a-half times Plaintiffs' regular rates of pay, and for liquidated damages in amount equal to those unpaid overtime wages.

## II.
## FACTUAL BACKGROUND

On February 20, 2019, Plaintiffs brought suit against Cascade to recover unpaid overtime wages, liquidated damages, attorney fees, costs, and pre- and post-judgment interest pursuant to the FLSA. *See* ECF No. 1. Plaintiff Guzman's First Amended Complaint (ECF No. 10), filed on April 9, 2019, is the most recent Complaint to which any Defendant (Cascade) has answered (ECF No. 14). In that Amended Complaint, Plaintiff Guzman alleged that he worked for Cascade as blue-collar, non-exempt oilfield electrician who regularly worked more than 40 hours per week but that Cascade inexcusably failed to pay him for all overtime due. ECF No. 10, ¶¶ 5.1-5.6. Significantly, Plaintiff Guzman also alleged—and Cascade did not deny—the following averment:

> During the three years prior to the filing of this Complaint, Defendant willfully committed violations of the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one and one-half times his regular rate of pay.

ECF No. 10, ¶ 1.3. *See also* ECF No. 14 (Amended Answer which denies, or claims insufficient information to admit or deny, only the averments made in ¶¶ 1.2, 2.1, 3.2, 4.1-4.6, 5.1-5.6 & 6.1-6.4 of the Amended Complaint). Nor did Cascade raise any affirmative defenses.

By Agreed Stipulation filed June 10, 2019, the Parties agreed to Conditional Certification and Notice to Putative Class Members consisting of the following:

> All Oilfield Workers who worked for Cascade Process Controls, Inc., at any time from at any time from February 1, 2016 through the final disposition of this matter.

ECF No. 21, ¶ 1. The Court confirmed the Stipulation by Order dated June 19, 2019. ECF No. 25.

On January 23, 2020, Plaintiffs Guzman and Engram, filed their Unopposed Motion for Leave to File their Third Amended Collective Action Complaint[1], which added alleged joint-employer Defendants Kelly Maxwell, Patrick Brack, and Doug Corcoran. ECF No. 45 at 2. *See also* Third Amended Complaint (ECF No. 47 at 1, ¶ 15). The Third Amended Complaint also added more claims under the FLSA, including that Defendants failed to pay Plaintiffs for their compensable drive time, pre- and post-shift work, safety meetings, and unloading/loading time. ECF No. 45 at 2. *See also* Third Amended Complaint (ECF No. 47, ¶ 49).

On January 23, 2020, the Court granted Plaintiffs' Unopposed Motion for Leave to File Third Amended Complaint (ECF No. 46), and the Third Amended Complaint was accepted for filing on that same date (ECF No. 47). No Defendant has answered the Third Amended Complaint.

## III.
## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)). Moreover, the entry of summary judgment is mandated if "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Id.* Here, an adequate time for discovery has elapsed; the discovery deadline has passed.

---

[1] Plaintiffs filed their Second Amended Collective Complaint against Cascade on May 20, 2019 (ECF No. 20). Cascade never answered that Complaint.

The moving party must "demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316. 326 (5th Cir. 2007). An issue is "genuine" if the evidence is sufficient if reasonable jury could return a verdict for the nonmoving party. Once the moving party meets its initial burden of pointing out the absence of a genuine issue for trial, the burden shifts to the nonmoving party to come forward with competent summary judgment evidence establishing the existence of a material fact. FED. R. CIV. P. 56(c); *Clark v. America's Favorite Chicken*, 110 F.3d 295 (5th Cir. 1997). To meet this burden, the nonmoving party must "adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *See Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The nonmovant "cannot merely rely on the contentions contained in the pleadings." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).

## IV.
## AFFIRMATIVE DEFENSES UNDER THE FLSA

It is well-established that, under "the FLSA, . . . the [Employer] bears the burden of proving as an affirmative defense that [Employee] falls outside the overtime protections of the FLSA, and to the extent the [Employer] fails, [Employee] bears the burden of proving that he is owed the amount claimed, each by a preponderance of the evidence." *E.g., In re Hard-Mire Rest. Holdings, LLC*, 605 B.R. 739, 749 & n.23 (Bankr. N.D. Tex. 2019) (citing *Meza v. Intelligent Mexican Marketing, Inc.*, 720 F.3d 577, 581-82 (5th Cir. 2013); *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1330 (5th Cir. 1985)). *See also Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 724 (W.D. Tex. 2010) ("Plaintiff was only required to plead a violation of the [FLSA], and the burden to prove that the requirements of the tip credit exception contained in section 203(m) were met rests upon Defendant."). Similarly, liquidated damages are available for willful violations of the FLSA, 29 U.S.C. § 216(b), unless the employer pleads

and proves the affirmative defense that it acted in good faith, 29 U.S.C. § 260. If the employer meets that burden, then the court has the discretion to deny liquidated damages but may still award them. *E.g., Acosta v. Wok on Wheels USA, LLC*, No. SA-16-CA-902, 2019 WL 4087621, at *6 (W.D. Tex. June 11, 2019), *report and recommendation adopted*, No. SA-16-CA-902, 2019 WL 5026936 (W.D. Tex. July 26, 2019).

If an employer fails to raise affirmative defenses in its answer, they are deemed waived. *Tamez v. BHP Billiton Petroleum (Americas), Inc.*, No. 5:15-CV-330-RP, 2015 WL 7075971, at *4 n. 2 (W.D. Tex. Oct. 5, 2015) (citing *Diaz v. Jaguar Rest. Grp., LLC*, 627 F.3d 1212 (11th Cir. 2010)). Furthermore, Cascade's deadline to amend its answer to the First Amended Complaint or to respond to the Second or Third Amended Complaint has passed. FED. R. CIV. P. 12(a) and 15(a).

## V.
## AS A MATTER OF LAW, CASCADE VIOLATED THE FLSA
## AND DID SO WILLFULLY

Cascade's delinquent discovery responses noted in Plaintiffs' Motion for Leave included responses to Plaintiff Guzman's First Set of Requests for Admission (attached to this Motion as Ex. 1 at 17-18 to Ex. A). Exhibit A and Ex. 1 thereto show that on January 12, 2020—38 days after service of the Requests for Admission—Cascade emailed Plaintiffs' counsel the original requests with "ADMIT" or "DENY" interlineated into the original requests; the admission responses were signed by neither Cascade nor its counsel. Thus, Cascade's belated, unsigned responses to Plaintiff Guzman's Requests for Admission support rather than defeat summary judgment against Cascade. FED. R. CIV. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). *See also* RULE 26(g)(2) ("Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it

unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.").

Thus, the matters which Cascade has admitted include the following:

1./2.   . . . you [Cascade] classified Plaintiff [and Opt-In Plaintiffs] as non-exempt from the overtime requirements of the FLSA.

3./4.   . . . Plaintiffs [and Opt-in Plaintiffs] were (and are) entitled to overtime compensation for all hours worked over forty in a workweek.

5.   . . . [Cascade] paid Plaintiffs some overtime during the relevant window of recovery.

6.   . . . Plaintiff Engram was paid a day rate only and was only paid overtime if he worked more than twelve (12) hours in a day regardless of the total number of hours he worked that week.

7.   . . . some Opt-in Plaintiffs were paid a day rate only and no overtime.

8./9.   . . . Plaintiff Guzman [and Opt-in Plaintiffs who were paid by the hour] did not receive overtime until [they] he worked more than fifty (50) hours each week.

10./11.   . . . Plaintiff Engram [and Opt-in Plaintiffs who received a day rate] did not receive overtime until he worked more than twelve (12) hours each day regardless of the total number of hours [they] worked each week.

12./13.   . . . Plaintiffs [and Opt-in Plaintiffs] generally worked more than forty (40) hours per week . . . .

14./15.   . . . Plaintiffs [and Opt-in Plaintiffs] were required to follow your company's policy/procedure manual(s).

16./17.   . . . Plaintiffs' and Opt-in Plaintiffs'] daily and weekly activities were routine and largely governed by standardized plans and procedures set by you.

18./19.   . . . Plaintiffs' [and the Opt-in Plaintiffs'] duties did not (and currently do not) include the exercise of independent discretion or judgment.

20.   . . . you [Cascade] regularly scheduled Plaintiffs and the Opt-in Plaintiffs for a minimum of twelve (12) hours per day and they regularly worked a minimum of 84 hours per week.

21.   . . . you [Cascade] did not seek legal advice prior to implementing your pay policy to confirm whether or not your pay policy to not pay each Plaintiff for all hours worked complied with the FLSA.

22.  . . . you [Cascade] did not confer with the Department of Labor prior to implementing your pay policy to confirm whether your pay policy to not pay each Plaintiff for all hours worked complied with the FLSA.

23.  . . . you [Cascade] were aware of FLSA guidelines prompting payment of overtime wages at a premium rate for hours worked over 40 in a workweek.

24.  . . . [Cascade] had actual knowledge that the pay plan applicable to Plaintiff and Opt-in Plaintiffs were in violation of the FLSA.

Ex. A (Requests for Admission Nos. 1-24).

In light of these admissions and Cascade's failure to raise any affirmative defenses (thus, waiving any FLSA exemptions or exclusions), it is beyond peradventure that Cascade is liable to Plaintiffs as an employer under the FLSA for any overtime not paid at time and one-half of Plaintiffs' regular rates of pay under the FLSA. Further, Cascade's deemed admissions and failure to raise good faith as to the willfulness of its FLSA violations entitles Plaintiffs to liquidated damages as a matter of law for their unpaid overtime.

## VI.
## CONCLUSION

Because no genuine issue of material fact exists with respect to Plaintiffs' allegations against Defendant Cascade, Plaintiffs are entitled to summary judgment as a matter of law. Plaintiffs therefore respectfully request that this Honorable Court enter an order finding that Cascade is an employer under the FLSA; that Cascade violated the FLSA; that Cascade is liable for damages in the amount of unpaid overtime at one-and-a-half times Plaintiffs' regular rates of pay; that Cascade's violations were willful thereby extending the statute of limitations from two to three years; and that Cascade is liable to Plaintiffs for liquidated damages in an amount equal to the unpaid overtime compensation; and, also, that the Court award any and all other requested relief which the Court finds appropriate.

Date: March 24, 2020  Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**LEICHTER LAW FIRM, PC**

By: /s/ *David G. Langenfeld*
**David G. Langenfeld**
Texas Bar No. 11911325
david@leichterlaw.com
1602 East 7th Street
Austin, Texas 78702
Telephone: (512) 495-9995
Facsimile: (512) 482-0164

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Clif Alexander*
Clif Alexander
